```
              UNITED STATES BANKRUPTCY COURT
             FOR THE DISTRICT OF RHODE ISLAND
```

In re:

    CHRISTINA M. TRINIDAD                                BK-20-10030
         Debtor(s)                                            Chapter 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The Debtor(s) filed a Chapter 13 Plan (The "Plan") on January 16, 2020. Debtor(s) filed a Certificate of Service on January 16, 2020, reflecting that the Plan and any applicable motions were served on all creditors and parties-in-interest. No objections to the confirmation of the plan or motions were filed, or all objections were overruled by the Court or resolved by the parties as set forth in the summary of disbursements and addendum attached hereto and incorporated herein. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The motion to modify the secured claim N/A

3. The motion to avoid the lien N/A

4. The motion to assume or reject lease N/A

5. In addition to pre-confirmation payments required to be paid by the Debtor, the employer of the Debtor, University Surgical Associates, Attn: Payroll Dept., 195 Collyer Street, Providence, RI 02904, shall deduct from the wages of the Debtor and forward to the Office of the Chapter 13 Trustee, 400 Westminster Street, Suite 54, Providence, Rhode Island 02903, the sum of $674.00 per month for 58 months.

6. The effective date of confirmation of the Plan is April 1, 2020.

7. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached summary of disbursements.

8. Unless otherwise ordered by the Court, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case.  All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

9. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Bankruptcy Court.  The Debtor shall be responsible for preserving and protecting all property of the estate.

10. The Court may, from time to time during the period of the Plan, increase or reduce the amount of the payments provided by the Plan, where it shall be made to appear at a hearing upon such notice as the Court may designate, that the circumstances so warrant or so require.

11. The Debtor shall inform the Trustee of any increase he/she receives in salary or in income.

12. The Trustee shall pay the remaining balance due to any creditor when that balance due is $25.00 or less.

13. Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the Debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the Debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter.

14. Upon completion of the plan, discharge shall enter unless: (a) after motion and hearing the Court determines that the Debtor is not entitled to one pursuant to 11 U.S.C. § 1328(h), or; (b) the Debtor is otherwise not entitled to one pursuant to 11 U.S.C. § 1328.

15. The plan meets all of the requirements set forth in 11 U.S.C. § 1325(a).

16. This order is effective for the plan confirmed on April 1, 2020 as well as any amended plan approved by the Court, post confirmation, upon the entry of an order granting a Motion to Approve a post confirmation plan, unless a new order is deemed necessary.

                                      */s/ Diane Finkle*
                                      _____
                                      Diane Finkle
                                      United States Bankruptcy Judge
                                      District of Rhode Island

                                      <u>CERTIFICATION</u>

    I hereby certify that a copy of the within Order Confirming Chapter 13 Plan was mailed, postage prepaid, to Ms. Christina M. Trinidad, 198 North Bend Street, Pawtucket, RI 02860 and electronically mailed to John S. Simonian, Esq. at john@law-ri.com on April 1, 2020.

                                      /s/ Theresa S. French

In re:    CHRISTINA M. TRINIDAD                              BK-20-10030

SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN

All disbursements set out below and in this Order Confirming Plan will be made only upon the filing of a proof of claim duly proved and allowed by the Court.

A. DOMESTIC SUPPORT OBLIGATION CLAIMS

   None

B. ADMINISTRATIVE CLAIMS

   Attorney's fees due to John S. Simonian, Esq. in the amount of $3,500.00 shall be paid first.

C. PRIORITY CLAIMS

   Priority tax claims for which claims are properly filed and duly proved and allowed by the Court shall be paid next.

D. SECURED CLAIMS

   Home Point Financial Corporation will be paid its pre-petition mortgage arrearage in the amount of $24,769.09 as set out in claim no. 4-1 filed February 6, 2020.

   The Debtor(s) shall be responsible for the ongoing monthly mortgage payments due to Home Point Financial Corporation outside the plan.

E. UNSECURED CLAIMS

   All unsecured creditors shall receive 100% of the amount of their claims duly proved and allowed by the Court.

F. OTHER PERTINENT PROVISIONS

   None

In re:    CHRISTINA M. TRINIDAD                              BK-20-10030

                                ADDENDUM

The Plan as filed has been modified by the terms of this Order as follows:

**Part 2.B**

The Plan payment is changed from $654.00 per month for 60 months to $654.00 per month for 2 months then $674.00 per month for 58 months.

**Part 3.A(1)(a)**

The pre-petition mortgage arrearage to be paid to Home Point Financial Corporation is changed from $25,000.00 to $24,769.09 as set out in claim no. 4-1 filed February 6, 2020.